{19 Misc. Rep. 184.)

### KILBANE v. WESTCHESTER ELECTRIC R. CO.

(Supreme Court, Appellate Term, First Department.   January 25, 1897.)

1. STREET RAILROADS—COLLISION WITH VEHICLE—EVIDENCE.
     Negligence and contributory negligence are questions of fact, where plain-
   tiff's wagon was struck by an electric car running at the rate of 20 miles an
   hour, and not in sight when the wagon approached the crossing, and which
   could have been stopped, after the motorman saw the wagon on the track,
   in time to have avoided the collision.

2. DAMAGES—EXCESSIVE JUDGMENT—INJURY TO PROPERTY.
     A judgment of $125 for injury to merchandise and to a wagon and harness
   is not excessive, where the damage to the merchandise was $43.20, and there
   was evidence that the damage to the harness was $25, and that the wagon
   cost $125, and was entirely destroyed.

Appeal from Eleventh district court.

Action by Margaret Kilbane against the Westchester Electric
Railroad Company to recover for damage to property by a street-
crossing collision. From a judgment entered on a decision of the
trial justice in favor of plaintiff, defendant appeals.   Affirmed.

Argued before DALY, P. J., and BISCHOFF, J.

John M. Tierney and Tierney & Halsey, for appellant.
Henry Schmitt and George H. McAdam, for respondent.

DALY, P. J.   The defendants operated a trolley railroad on the
White Plains road, and one of its cars damaged the plaintiff's wagon
while crossing the road at Fifth street.   The question was whether
the collision occurred through the negligence of the motorman of the
car, and whether any negligence of the driver of the wagon con-
tributed to the injury.   Considerable testimony was taken on these
points, including that of witnesses who were disinterested, and there
was ample evidence to sustain a finding that the car was proceeding
at a very high rate of speed, that the driver of the wagon exercised
proper care in looking out before attempting to cross the tracks, and
that he could have been perceived by the motorman of the car in
time to prevent a collision if ordinary care had been used.   The tes-
timony of the driver was that when they approached the White
Plains road no car was in sight; that it was first perceived when
their wagon, which was heavily loaded, was upon the tracks; that
they attempted to escape, but the hind wheel was struck, and the
wagon was thrown against the curb and upset.   Some witnesses es-
timated the speed of the car at 20 miles an hour.   This testimony
finds some corroboration in that of the conductor and motorman.
While it is true that they claim that the car was moving only at the
rate of 5 or 6 miles an hour, they also state that a car moving at
that rate could be stopped in from 12 to 20 feet by the ordinary pro-
cess, and in less distance if "the reverse" was applied, and that it
was applied in this case.   These two witnesses estimate the distance
of the car from the cross street anywhere from half a block to 25
feet at the time they first perceived the wagon.   When the car came
to a standstill after the collision, it had cleared the cross street, and
must therefore, at the lowest computation, have traveled the whole

width of that street, the 25 feet of distance below it, and its own length of 27 feet above it, after the time that efforts were made to stop it. The rate of speed indicated by the facts as to the distance which the car proceeded after the collision, and notwithstanding all the efforts of the motorman to stop it, indicate conclusively the very high rate of speed at which it had been proceeding before the collision, and its great distance from Fifth street at the time that the plaintiff's driver proceeded to cross. He was therefore not chargeable with negligence in attempting to cross the tracks when the car was at such distance, and, as the hind wheel was struck, the conclusion is inevitable that the motorman of the car saw the wagon in time to avoid a collision, but took the chance of clearing it without slackening his speed, and so neglected the ordinary precautions to avoid the accident.

Complaint is made of the award of $125 damages to the plaintiff. There was evidence of injury to the wagon and to the goods, consisting of 30 boxes of beer and a demijohn of wine. The damage to the merchandise was $43.20, leaving a balance of $81.80 for injury to the wagon and harness. The latter was estimated at $25, which would leave $57 for the wagon. Plaintiff claimed that the wagon was totally destroyed, and that it had cost her $125. The amount of the injury to it was disputed, but it was for the justice to decide upon such a dispute, and his allowance is not extravagant, in any view of the testimony.

Judgment affirmed, with costs.

BISCHOFF, J., concurs.